IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, et al., | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 1:16-cv-161-CMH-MSN |
| | ) | |
| SHOOK & FLETCHER MECHANICAL CONTRACTORS, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>REPORT & RECOMMENDATION</u>

This matter is before the Court on Plaintiffs' Motion for Default Judgment (Dkt. No. 10) against Defendant Shook & Fletcher Mechanical Contractors, Inc. Having reviewed the record, the undersigned Magistrate Judge recommends that the Court enter default judgment against Defendant in the total amount of $58,759.08.

## I.    Background

On February 18, 2016, Plaintiffs filed this action against Defendant for failure to pay contributions pursuant to a collective bargaining agreement in violation of Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. Defendant's authorized agent was served by private process server on March 22, 2016. *See* Executed Summons (Dkt. No. 5). Defendant did not enter an appearance or otherwise respond to the Complaint, and, on April 18, 2016, the Clerk entered Defendant's default. *See* Entry of Default (Dkt. No. 9). On May 6, 2016, Plaintiffs filed the instant Motion for Default Judgment.

Defendant failed to appear at the hearing on this Motion on May 27, 2016, and the undersigned Magistrate Judge took the matter under advisement.

## II.    Standard

Default judgment is appropriate if the well-pled allegations of the complaint establish a plaintiff's entitlement to relief and the defendant has failed to plead or defend within the time frame contained in the rules. Fed. R. Civ. P. 55; *Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). By defaulting a defendant admits the plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has the effect of admitting the factual allegations in complaint). Here, as Defendant has not answered or otherwise timely responded, it has admitted the well-pled allegations of fact contained in the Complaint.

## III.    Jurisdiction and Venue

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under federal law. Personal jurisdiction under 29 U.S.C. §§ 185(a) and 1132(e)(2) and venue pursuant to 28 U.S.C. § 1391 are proper because the funds in question are administered within the Eastern District of Virginia and because a substantial part of the events or omissions giving rise to the claims against Defendant occurred in this District. *See Bd. of Trs., Sheet Metal Workers Nat'l Pens. Fund v. McD Metals, Inc.*, 964 F. Supp. 1040, 1045 (E.D. Va. 1997).

## IV.    Facts

The following facts are established by the Complaint and by the memorandum, declarations, and exhibits submitted in support of Plaintiffs' Motion for Default Judgment.

Plaintiffs Trustees of the Plumbers and Pipefitters National Pension Fund ("National Pension Fund") and Trustees of the International Training Fund ("International Training Fund") are the trustees of a multi-employer employee benefit plan, as defined by ERISA, 29 U.S.C. § 1002(3), (37). Compl. ¶¶ 1-2. The National Pension Fund and the International Training Fund are administered in Alexandria, Virginia, and are established and maintained by a Restated Agreement and Declaration of Trust and by a Collective Bargaining Agreement between the United Association Local Union No. 91 ("Local 91") and Defendant. *Id.*

Defendant is an Alabama corporation existing under the laws of the State of Alabama. Compl. ¶ 3. Defendant transacts business in the State of Alabama as a contractor or subcontractor in the plumbing and pipefitting industry. *Id.* At all relevant times, Defendant was an "employer in an industry affecting commerce" as defined by the LMRA, 29 U.S.C. §§ 142(1), (3) and 152(2), ERISA, 29 U.S.C. § 1002(5), (9), (11), (12), (14), and the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a. *Id.* Defendant is signatory to the aforementioned Collective Bargaining Agreement (the "Agreement") with Local 91 establishing the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by Defendant. Compl. ¶ 5. As a signatory to the Agreement, Defendant is bound by the Restated Agreement and Declaration of Trust ("Trust Agreement") establishing the National Pension Fund and the International Training Fund ("the Funds"). Compl. ¶¶ 12, 19.

Pursuant to the terms of the Agreement, Defendant agreed and is obligated to pay the Funds certain sums of money for each hour worked by employees of Defendant covered by the Agreement. Compl. ¶¶ 6-7, 11, 18. During the relevant period and continuing, Defendant employed employees covered by the Agreement. Compl. ¶ 8. Defendant has intermittently failed to make contributions due to the National Pension Fund and the International Training Fund on

behalf of Local 91 members for between October of 2014 and December of 2015. Compl. ¶¶ 9, 16-17. Through the instant action, Plaintiffs seek a judgment against Defendant for the payment of all delinquent contributions plus liquidated damages, interest, attorneys' fees, and costs pursuant to the collective bargaining agreement, Trust Agreement, ERISA, and the LMRA.[1]

## V. Discussion and Findings

Having examined the record, the Magistrate Judge finds that the well-pled allegations of fact contained in the Complaint and supported by Plaintiffs' Memorandum of Law, declarations, and exhibits in support of default judgment establish that Defendant failed to make contributions to Plaintiffs on behalf of its Local 91 employees for the period of June 2010 through January 2015. Defendant's failure to make proper contributions is in violation of the collective bargaining agreement, Trust Agreement, ERISA, 29 U.S.C. § 1145, and the LMRA, 29 U.S.C. § 185, and therefore Plaintiffs are entitled to default judgment in their favor and damages as detailed below.

### A. Unpaid Contributions, Interest, and Liquidated Damages

Pursuant to remittance reports submitted by Defendant, and as attested to by William T. Sweeney, Administrator of the National Pension Fund, Defendant owes missed contributions in the amounts of $46,970.10 and $1,507.70 to the National Pension Fund and the International Training Fund, respectively. Compl. ¶¶ 10, 17; Sweeney NPF Aff. (Dkt. No. 11-1) ¶ 6; Sweeney ITF Aff. (Dkt. No. 11-2) ¶ 6.

Article VI, Section 5, of the Trust Agreement establishing the National Pension Fund authorizes the fund to assess against a delinquent employer liquidated damages equal to 10% of the late contributions and interest at a rate of 12% per annum from the date due through the date of

---

1. In Count III of the Complaint, Plaintiffs seek an order enjoining violation of the terms of the employee benefit plan and requiring Defendant to submit timely contributions and reports to the Funds. Plaintiffs do not pursue this claim in their Motion for Default Judgment. Therefore, the undersigned makes no recommendations as to Plaintiffs' request for injunctive relief.

payment. Compl. ¶ 13; Sweeney NPF Aff. (Dkt. No. 11-1) ¶ 10. Article VI, Section 6, of the Trust Agreement establishing the International Training Fund authorizes liquidated damages equal to 20% of the late contributions and twelve percent per annum from the date due through the date of payment. Compl. ¶ 20; Sweeney ITF Aff. (Dkt. No. 11-2) ¶ 10.

Pursuant to the Agreement and ERISA, 29 U.S.C. § 1132(g)(2), Plaintiffs are entitled to recover: (1) the full amount of unpaid contributions; (2) liquidated damages; (3) interest on late or unpaid contributions accruing from the date due through the date of payment; and (4) reasonable attorneys' fees and costs incurred in bringing this action. Based on the Affidavits of William T. Sweeney, Jr., and the exhibits attached thereto, Defendant owes the following amounts, exclusive of legal fees:

| Fund | Delinquent Contributions | Accrued Interest | Liquidated Damages | Fund Total |
|------|--------------------------|------------------|--------------------|------------|
| *NPF* | $46,970.10 | $2,767.95 | $4,697.01 | **$54,435.06** |
| *ITF* | $1,507.70 | $83.49 | $301.54 | **$1,892.73** |
| **Total** | | | | **$56,327.79** |

Sweeney NPF Aff. (Dkt. No. 11-1) ¶ 11; Sweeney ITF Aff. (Dkt. No. 11-2) ¶ 12.

**B.     Attorneys' Fees and Costs**

Plaintiffs are also entitled to all reasonable legal fees and costs incurred in the collection of delinquent contributions. The Declaration of Attorney's Fees (Dkt. No. 11-3) establishes that Plaintiffs have incurred $1,805.00 in attorney's fees and $626.29 in costs in connection with this matter through March 10, 2016. *See id*. ¶ 10. The undersigned has examined the record and finds that these amounts are reasonable compensation for work necessarily expended to enforce Plaintiffs' rights. Accordingly, the undersigned recommends that Plaintiffs be awarded this amount in addition to the damages set forth above, for a total of $58,759.08.

## VI.    Recommendation

The undersigned recommends that default judgment be entered against Defendant in favor of Plaintiffs in the amount of $58,759.08, plus interest on delinquent contributions continuing to accrue at a rate of twelve percent per annum until full payment is made.

## VII.   Notice

By means of the court's electronic filing system, and by mailing a copy of this Report and Recommendation to Defendant at its address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

June 17, 2016
Alexandria, Virginia